*Friday, January 3, 1992*
## MOTION DOCKET

**91-14.** State, ex rel. Eaton City School Dist. Bd. of Edn., v. State Emp. Relations Bd. *Franklin County*, Nos. 87AP–860 and 87AP–1132. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. By entry of November 27, 1991, this court granted appellant's request for oral argument, and in a notice of hearing dated December 9, 1991, oral argument was set for January 7, 1992. Upon *sua sponte* reconsideration,

IT IS ORDERED by the court that appellant's motion for oral argument is denied; that this court's order of November 27, 1991, is vacated; and that this cause will be considered on the briefs and without oral argument.

## MISCELLANEOUS DISMISSALS

**91-2083.** State, ex rel. Moreland, v. Judges of the Court of Appeals for the Second App. Dist. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of the joint application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective December 31, 1991.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

*Tuesday, January 7, 1992*
## MOTION DOCKET

**89-722.** State v. Spirko. *Van Wert County*, No. 15-84-22. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 6, 1992.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

## MISCELLANEOUS DISMISSALS

**91-2026.** State v. Mayberry. *Cuyahoga County*, No. 58428. This cause is pending before the court on the filing of a motion for leave to appeal from the Court of Appeals for Cuyahoga County and as a claimed appeal as of right from said court. On November 20, 1991, this court granted appellant's motion for delayed appeal and denied appellant's motion to exceed page limitation on his memorandum in support of jurisdiction. The appellant has not filed a memorandum in support of jurisdiction in conformance with the page limitation of Section 4(c), Rule II of the Supreme Court Rules of Practice. It appears therefore from the records of this court that appellant has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective January 6, 1992.